IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lakeshia Butler, as Personal Representative of the Estate of Lason Butler, | C/A No. 8:22-cv-02541-RMG-JDA |
| Plaintiff, | |
| v. | **ANSWER** |
| Richland County; Shane Kitchen, in his individual and official capacities; Maurice Callahan, in his individual capacity; Lance Coleman, in his individual capacity; Curtis Bufford, in his individual capacity; Kevin McCullough, in his individual capacity; and Felipe Milhouse in his individual capacity, | **(Jury Trial Demanded)** |
| Defendants, | |

The Defendants Richland County, Shane Kitchen, Maurice Callahan, Lance Coleman, Curtis Bufford, Kevin McCullough, and Felipe Milhouse, all of whom are sued in their individual capacities, answer the Plaintiff's Complaint herein as follows:

**FOR A FIRST DEFENSE**

1. The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted. The Defendants reserve their right to file a motion pursuant to Rule 12, Fed. R. Civ. P.

**FOR A SECOND DEFENSE**

2. The Defendants deny each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to the prefatory paragraph contained on Page One (1) of the Complaint, the Defendants acknowledge that the Plaintiff has alleged federal constitutional violations pursuant to 42 U.S.C. § 1983 against the named Defendants. The Defendants specifically

deny that they have personally taken any action or instructed anyone to commit any act or omission that resulted in a violation of the Plaintiff's federal constitutional rights.

4. That as to the first sentence of Paragraph One (1), the Defendants only admit upon information and belief that the Plaintiff Lakeshia Butler is the mother of the Plaintiff's decedent, Lason Butler. The Defendants crave reference to any and all orders of the probate court as well as the Code of Laws of the State of South Carolina as to the Plaintiff's capacity in bringing this matter. That as to the second sentence of Paragraph One (1), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same and, therefore, deny this portion of Paragraph One (1) and demand strict proof thereof.

5. That as to Paragraph Two (2), the Defendants generally admit same.

6. That as to the first sentence of Paragraph Three (3), the Defendant Kitchen only admits that at all relevant times in the Complaint, he was acting in the course and scope of his employment with the Defendant County and within his role as the Interim Director at the Alvin S. Glenn Detention Center (hereinafter, ASGDC"). That as to the second sentence of Paragraph Three (3), this Defendant acknowledges that he is being sued in certain capacities herein and further denies that any of the Plaintiff's claims against him are meritorious. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

7. That as to the first sentence of Paragraph Four (4), the Defendant Callahan only admits that at all relevant times in the Complaint, he was acting in the course and scope of his employment with the Defendant County and within his role as a detention officer at the ASGDC. That as to the second sentence of Paragraph Four (4), this Defendant acknowledges that he is being sued in his individual capacity herein and further denies that any of the Plaintiff's claims against him are meritorious. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

8. That as to the first sentence of Paragraph Five (5), the Defendant Coleman only admits that at all relevant times in the Complaint, he was acting in the course and scope of his employment with the Defendant County and within his role as a detention officer at the ASGDC. That as to the second sentence of Paragraph Five (5), this Defendant acknowledges that he is being sued in his individual capacity herein and further denies that any of the Plaintiff's claims against him are meritorious. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

9. That as to the first sentence of Paragraph Six (6), the Defendant Bufford only admits that at all relevant times in the Complaint, he was acting in the course and scope of his employment with the Defendant County and within his role as a detention officer at the ASGDC. That as to the second sentence of Paragraph Six (6), this Defendant acknowledges that he is being sued in his individual capacity herein and further denies that any of the Plaintiff's claims against him are meritorious. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

10. That as to the first sentence of Paragraph Seven (7), the Defendant McCullough only admits that at all relevant times in the Complaint, he was acting in the course and scope of his employment with the Defendant County and within his role as a detention officer at the ASGDC. That as to the second sentence of Paragraph Seven (7), this Defendant acknowledges that he is being sued in his individual capacity herein and further denies that any of the Plaintiff's claims against him are meritorious. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

11. That as to the first sentence of Paragraph Eight (8), the Defendant Milhouse only admits that at all relevant times in the Complaint, he was acting in the course and scope of his employment with the Defendant County and within his role as a detention officer at the ASGDC. That as to the second sentence of Paragraph Eight (8), this Defendant

acknowledges that he is being sued in his individual capacity herein and further denies that any of the Plaintiff's claims against him are meritorious. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

12. That as to Paragraph Nine (9), while the Defendants generally admit same, they expressly deny that any of the Plaintiff's claims against them are meritorious.

13. Paragraphs Ten (10) and Eleven (11) address matters concerning jurisdiction and venue, can neither be admitted nor denied, and the Defendants crave reference thereto.

14. That as to the first sentence of Paragraph Twelve (12), the Defendants deny same and demand strict proof thereof. That as to the second sentence of Paragraph Twelve (12), the Defendants deny same as stated. The Defendants further crave reference to the relevant February 2020 report for the most accurate evidence of what is contained therein.

15. That as to Paragraphs Thirteen (13), Sixteen (16), Twenty (20), Forty-five (45), Forty-eight (48), Fifty-one (51), Fifty-two (52), Fifty-three (53), Fifty-four (54), Fifty-seven (57), Fifty-eight (58), Fifty-nine (59), Sixty (60), Sixty-three (63), Sixty-four (64), Sixty-five (65), Sixty-six (66), Sixty-seven (67), Sixty-eight (68), Sixty-nine (69), Seventy-two (72), Seventy-three (73), Seventy-four (74), Seventy-five (75), Seventy-six (76), Seventy-seven (77), Seventy-eight (78), Eighty-one (81), Eighty-two (82), Eighty-three (83), Eighty-four (84), Eighty-seven (87), Eighty-eight (88), Eighty-nine (89), Ninety (90), Ninety-three (93), Ninety-four (94), Ninety-five (95), Ninety-six (96), Ninety-seven (97), One hundred (100), One hundred one (101), One hundred two (102), One hundred three (103), and One hundred four (104), the Defendants deny same and demand strict proof thereof.

16. That as to the first sentence of Paragraph Fourteen (14), the Defendants only admit that on January 31, 2022, the Plaintiff's decedent operated a vehicle in a reckless manner at which time he was involved in a collision with another motorist. He was charged with Failure to Stop for Blue Lights and/or Siren, Driving under Suspension, and Reckless

4

Driving. That as to the second sentence of Paragraph Fourteen (14), the Defendants admit upon information and belief that after the collision, he was transported by Richland County E.M.S. to the Prisma Richland Emergency Department. The Defendants further crave reference to any and all medical records, charts, and diagnostic imaging results for the most accurate evidence of what is contained therein. That as to the third sentence of Paragraph Fourteen (14), the Defendants only admit that upon discharge from the hospital, he was transported to the ASGDC. Except as stated herein, the Defendants deny this paragraph and demand strict proof thereof.

17. That as to the first sentence of Paragraph Fifteen (15), the Defendants crave reference to the Wellpath Staff Referral Form dated January 31, 2022, for the most accurate evidence of what is contained therein. That as to the second sentence of Paragraph Fifteen (15), the Defendants only admit upon information and belief that the Plaintiff's decedent weighed approximately 257 lbs. at or about the time of his booking into ASGDC. Except as stated herein, the Defendants deny this paragraph and demand strict proof thereof.

18. That as to Paragraph Seventeen (17), while the Defendants admit same upon information and belief, reference is craved as to the Wellpath Refusal of Clinical Services form dated February 1, 2022 for the most accurate evidence of what is contained therein.

19. That as to Paragraphs Eighteen (18) and Nineteen (19), the Defendants only admit that during the relevant period in which the Plaintiff's decedent was housed at the ASGDC, the Defendant Kitchen engaged in telephone and in-person conversations with the Plaintiff. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

20. That as to the first sentence of Paragraph Twenty-one (21), the Defendants only admit upon information and belief that on or about February 8, 2022, the Plaintiff's decedent underwent a mental health assessment. That as to the second and third sentences

of Paragraph Twenty-one (21), the Defendants deny same as stated and demand strict proof thereof. The Defendants further crave reference to the Wellpath Mental Health Initial Assessment record dated February 8, 2022, for the most accurate evidence of what is contained therein.

21. That as to Paragraphs Twenty-two (22) and Twenty-three (23), the Defendants crave reference to the Wellpath Mental Health Initial Assessment record dated February 8, 2022, for the most accurate evidence of what is contained therein. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

22. That as to Paragraph Twenty-four (24), the Defendants crave reference to the Wellpath Behavioral Health record dated February 10, 2022, for the most accurate evidence of what is contained therein. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

23. That as to Paragraphs Twenty-five (25), Twenty-six (26), Twenty-seven (27), Thirty-two (32), Thirty-three (33), the Defendants deny same as stated and demand strict proof thereof.

24. The Defendants object to the content and length of Paragraph Twenty-eight (28) on the grounds that it violates Rule 8(a)(2), Fed. R. Civ. P., that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Defendants further object pursuant to Rule 10(b), Fed. R. Civ. P., which requires each numbered paragraph to "be limited as far as practicable to a statement of a single set of circumstances." By way of explanation, Paragraph Twenty-eight (28) consists of five (5) sentences and approximately one hundred twenty (120) words detailing multiple allegations and circumstances. Subject to this objection and without waiver, the Defendants answer as follows: That as to Paragraph Twenty-eight (28), the Defendants deny same as stated.

25. That as to Paragraph Twenty-nine (29), the Defendants crave reference to the Wellpath Mental Health Progress Notes dated February 11, 2022, for the most accurate evidence of what is contained therein. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

26. The Defendants object to the content and length of Paragraph Thirty (30) on the grounds that it violates Rule 8(a)(2), Fed. R. Civ. P., that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Defendants further object pursuant to Rule 10(b), Fed. R. Civ. P., which requires each numbered paragraph to "be limited as far as practicable to a statement of a single set of circumstances." By way of explanation, Paragraph Thirty (30) consists of seven (7) sentences and approximately one hundred forty (140) words detailing multiple allegations and circumstances. Subject to this objection and without waiver, the Defendants answer as follows: That as to Paragraph Thirty (30), the Defendants crave reference to the Wellpath Mental Health Progress Notes dated February 11, 2022, for the most accurate evidence of what is contained therein. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

27. That as to Paragraph Thirty-one (31), the Defendants crave reference to the Wellpath Suicide Watch Initial Assessment records dated February 11, 2022, for the most accurate evidence of what is contained therein. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

28. That as to Paragraph Thirty-four (34), the Defendants crave reference to the Wellpath Physician Orders dated February 11, 2022, for the most accurate evidence of what is contained therein. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

29.     That as to Paragraph Thirty-five (35), the Defendants only admit upon information and belief that on or before February 11, 2022, the Defendant Bufford sent the Defendant McCollough an email concerning the Plaintiff's decedent's mental health status and/or assessment.  Further answering, the Defendants crave reference to the contents of any such email for the most accurate evidence of what is contained therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

30.     That as to Paragraphs Thirty-six (36) and Thirty-seven (37), the Defendants crave reference to the Defendant McCollough's written statement dated February 12, 2022, for the most accurate evidence of what is contained therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

31.     That as to Paragraphs Thirty-eight (38), Thirty-nine (39) and Forty (40), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same and, therefore, deny these paragraphs and demand strict proof thereof.

32.     That as to the first sentence of Paragraph Forty-one (41), the Defendants crave reference to the Defendant Coleman's incident report dated February 12, 2022, for the most accurate evidence of what is contained therein.  That as to the second and third sentences of Paragraph Forty-one (41), the Defendants crave reference to the ASGDC Inmate Suicide Watch Observation Log dated February 11, 2022, for the most accurate evidence of what is contained therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

33.     That as to the first sentence of Paragraph Forty-two (42), the Defendants crave reference to the ASGDC Inmate Suicide Watch Observation Log dated February 11, 2022, for the most accurate evidence of what is contained therein.  That as to the second sentence of Paragraph Forty-two (42), the Defendants crave reference to Defendant Coleman's incident report dated February 12, 2022, for the most accurate evidence of what is contained

therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

34. That as to Paragraph Forty-three (43), the Defendants crave reference to Defendant Callahan's incident report dated February 12, 2022, for the most accurate evidence of what is contained therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

35. That as to Paragraph Forty-four (44), while the Defendants generally admit same, reference is craved to the E.M.S. Patient Care Records dated February 12, 2022, for the most accurate evidence of what is contained therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

36. That as to Paragraphs Forty-six (46) and Forty-seven (47), the Defendants crave reference to the official report of postmortem examination as well as the final anatomical diagnoses of the Plaintiff's decedent for the most accurate evidence of what is contained therein.  Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

37. That as to Paragraphs Forty-nine (49), Fifty-five (55), Sixty-one (61), Seventy (70), Seventy-nine (79), Eighty-five (85), Ninety-one (91), and Ninety-eight (98), the Defendants reassert and reallege all previous allegations and defenses.

38. That as to Paragraphs Fifty (50), Fifty-six (56), Sixty-two (62), Seventy-one (71), Eighty (80), Eighty-six (86), Ninety-two (92), Ninety-nine (99), the Plaintiff has set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, the Defendants crave reference thereto.

39. Any and all allegations inconsistent with the foregoing are denied.  Further, the Defendants assert that the Plaintiff is not entitled to the relief requested in the Complaint, or any other relief against the Defendants.

## FOR A THIRD DEFENSE

40. To the extent sued in his official capacity, the Defendant Kitchen alleges that he is not a "person" within the meaning of 42 U.S.C. § 1983 and, as such, is not subject to suit.

## FOR A FOURTH DEFENSE

41. The individual Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, are entitled to immunity.

## FOR A FIFTH DEFENSE

42. The actions of the individual Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR A SIXTH DEFENSE

43. The actions of the individual Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR A SEVENTH DEFENSE

44. The Defendant Richland County, as an entity, is entitled to sovereign immunity for all claims for punitive damages. Punitive damages are not recoverable under 42 U.S.C. § 1983 against the Defendants pursuant to *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981).

## FOR AN EIGHTH DEFENSE

45. The claims asserted by the Plaintiff against the Defendants are not ripe for adjudication.

## FOR A NINTH DEFENSE

46. The Defendants allege that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the actions of

a third party over whom the Defendants had no control and that constitutes a complete bar to the Plaintiff's recovery herein.

## FOR A TENTH DEFENSE

47. This action is barred, in whole or in part, by the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, including its provisions regarding the exhaustion of administrative remedies and the limitations on attorneys' fees awards.

## FOR AN ELEVENTH DEFENSE

48. To the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the individual Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## FOR A TWELFTH DEFENSE

49. Any damages awarded in this matter, without admitting the same to be due, must be reduced or offset by settlement funds received by settling co-tortfeasors so that the Plaintiff receives only a single satisfaction.

*s/ Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
Danny C. Crowe, Fed. ID 367
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.999.1225
robert@crowelafave.com
steve@crowelafave.com
danny@crowelafave.com

*Counsel for Defendants*

Columbia, South Carolina
October 18, 2022