THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lakeshia Butler, as Personal Representative of the Estate of Lason J. Butler, | ) ) ) ) | C/A No. 8:22-cv-02541-RMG |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Richland County, et al, | ) ) | |
| Defendants. | ) ) | |

## MOTION TO APPROVE SETTLEMENT AND ATTORNEYS' FEES

Comes now Plaintiff and moves this Honorable Court to approve the settlement in the above-captioned action. This motion is supported by the petition in this case which is attached as Exhibit 1 executed by Petitioner Lakeshia Butler who is the of the Estate of Lason Butler. Plaintiff further requests the Court approve of attorneys' fees in the amount of $1,520,000.00 and expenses in the amount of $13,857.71.

## STANDARD OF DETERMINATION

Rule 1.5(a) of the South Carolina Rules of Professional Responsibility explains "[a] lawyer's fee shall be reasonable." "It is well established that the allowance of attorneys' fees is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered." Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978), abrogated on other grounds. In making its determination of what constitutes reasonable attorneys' fees, the Fourth Circuit held the attorneys' fee request should be reviewed examining the 12 factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (1974). Barber, 577 F.2d at 226 fn. 28; see also Local Civil Rule 54.02 DSC ("Any petition for

1

attorney's fees shall comply with the requirements set forth in Barber v. Kimbrell's Inc . . . "). These factors are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." Barber, 577 F.2d at 226 n. 28. These twelve factors closely resemble the eight factors for determining reasonableness under Rule 1.5(a) of the South Carolina Rules of Professional Conduct. Rule 1.5 (a) of the South Carolina Rules of Professional Conduct states

> The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

2

      (8)      whether the fee is fixed or contingent.

## **DISCUSSION AS TO ATTORNEYS FEES**

As to the first <u>Barber</u> factor and Rule 1.5 (a)(1) factor, the time and labor expended, Counsel spent considerable time and labor in the litigating the case that culminated in the settlement agreement. Indeed, in all, attorneys and paralegals at Strom Law Firm expended in excess of 1200 hours in this effort.

With respect to the second <u>Barber</u> factor and Rule 1.5 (a)(1) factor, the novelty and difficulty of the questions raised, this was a unique and difficult case with numerous complex legal and factual issues. This case was a complex medical malpractice action and weighs in favor of the fee.

With reference to the third <u>Barber</u> factor and Rule 1.5 (a)(1) factor, required skills, civil rights in the context of a jail or prison requires a specialized field of practice, requiring particularized skills and knowledge.

With regard to the fourth <u>Barber</u> factor and Rule 1.5 (a)(2) factor, opportunity cost, Counsel pursued this litigation for almost three and a half (3 ½) years, incurred $13,857.71 in expenses and worked in excess of 1200 hours of attorney and paralegal time for the Estate and the wrongful death beneficiaries. This time and other expenses could have been performed in completion of other cases not taken on a contingency fee.

With respect to the fifth <u>Barber</u> factor and Rule 1.5 (a)(3) factor, the customary fee for similar work, the customary fee charged by Counsel is 40% contingency fee when the action requires litigation.

As for the sixth <u>Barber</u> factor and Rule 1.5(a)(8) factor, the attorney's expectations at the outset of the litigation, Counsel undertook this case on a contingent fee basis. With limited exception not applicable in this case, no one expects an attorney whose compensation is contingent

3

on success to charge what he or she would charge a client who has agreed to pay for his or her services in advance, regardless of success. Thus, the risk of pursuing a claim based solely on a contingent basis must be given adequate weight when determining a reasonable fee.

Examining the seventh <u>Barber</u> factor and Rule 1.5(a)(5) factor, the time limitations imposed by the client or other circumstances, it is not unusual for cases of this type to continue in litigation for many years before injured parties receive compensation and are able to put their injuries behind them. Here, the claim and the litigation took approximately two (2) years, but as a result of the settlement, the Estate and wrongful death beneficiaries will receive the benefit of the settlement.

Turning to the eighth <u>Barber</u> factor and Rule 1.5(a)(4) factor, the amount in controversy and the results obtained, the results obtained for the Estate and wrongful death beneficiaries through the efforts of Counsel is a critical element in determining the reasonableness of a fee. The settlement provides significant compensation to the Estate and the wrongful death beneficiary.

With respect to the ninth <u>Barber</u> factor and Rule 1.5(a)(7) factor, the experience, reputation, and ability of the attorneys, Strom Law Firm has had significant success in complex litigation. Were it not for the experience, reputation and ability of Counsel, Defendant may have decided not to settle, but rather to press the case to trial.

As to the tenth <u>Barber</u> factor, the undesirability of the case within the legal community in which the suit arose, this case has the appearance of being "undesirable" in the sense that it involves the death of a person in a jail setting where proving non-economic damages would be difficult.

With regard to the eleventh <u>Barber</u> factor and Rule 1.5 (a)(6) factor, the nature and length of the professional relationship between Counsel and our clients, Counsel met with Plaintiff on several occasions, including deposition and mediation.

Finally, the twelfth Barber factor and Rule 1.5(a)(3) factor, attorneys' fees awards in similar cases, a fee of 40% is typical. In this case, the award of fees is 40% in the amount of $1,520,000.00 and costs in the amount of $13,857.71 to be paid from the wrongful death portion of the settlement is reasonable.

## CONCLUSION

For the reasons set forth in Exhibit 1, the Court should approve the wrongful death settlement. For the reasons set forth above, the Court should approve fees in the amount of $1,520,000.00 and costs in the amount of $13,857.71 to be paid from the gross settlement is reasonable.

**STROM LAW FIRM, LLC**

*s/ Bakari T. Sellers*
Bakari T. Sellers (SC Fed. ID No. 11099)
Joseph P. Strom (SC Fed ID No. 4354)
Mario A. Pacella (SC Fed. ID No. 7538)
Amy E. Willbanks (SC Fed. ID No. 13537)
Alexandra Benevento (SC Fed. ID No. 10734)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone:      (803) 252-4800
Email: bsellers@stromlaw.com
           petestrom@stromlaw.com
           mpacella@stromlaw.com
           awillbanks@stromlaw.com
           abenevento@stromlaw.com

**THE LAW OFFICE OF AUDIA JONES**

*s/ Audia Jones*
Audia Jones
450 Louisiana Street, Suite 400
Houston, TX 77006
Phone: (713) 714-6519
Email: audia@audiajones.com

March 5, 2026
Columbia, South Carolina

5